**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Darryl John DEPASTINO, a.k.a. Darryl J. De Pastino, a.k.a. Darryl Depastino, a.k.a. David A. Depastino, a.k.a. David Allen Depastino, a.k.a. Darryl R. Johnson, a.k.a. Edward Robert Johnson, Defendant-Appellant.**

No. 16-50478

United States Court of Appeals, Ninth Circuit.

Submitted August 9, 2017 *

Filed August 14, 2017

L. Ashley Aull, Assistant U.S. Attorney, Bryant Y. Yang, Esquire, Attorney, DOJ—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff-Appellee

Brianna Fuller Mircheff, Assistant Federal Public Defender, FPDCA—Federal Public Defender's Office (Los Angeles), Los Angeles, CA, for Plaintiff-Appellee

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Darryl John Depastino appeals from the district court's judgment and challenges the 18-month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Depastino contends that the district court procedurally erred by relying on unsupported assumptions regarding his methadone usage and its impact on his ability to participate in a residential drug treatment program. We review for plain error, *see United States v. Valencia-Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there was none. Contrary to Depastino's contention, the court's factual findings are supported by the record. *See United States v. Graf,* 610 F.3d 1148, 1157 (9th Cir. 2010) ("A finding is clearly erroneous if it is illogical, implausible, or without support in the record.").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

